NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 2 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BILAL QAMAR,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General of the United States,

Respondent.

No.   14-73865

Agency No. A075-648-505

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 8, 2018
Pasadena, California

Before:  FISHER and CHRISTEN, Circuit Judges, and SHEA,** District Judge.

Petitioner Bilal Qamar, a native and citizen of Pakistan, petitions for review

of the Board of Immigration Appeals' ("BIA") decision finding him ineligible for

deferral of removal under the Convention Against Torture ("CAT") and denying

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Edward F. Shea, United States District Judge for the
Eastern District of Washington, sitting by designation.

his motion to reopen removal proceedings based on changed country conditions.[1]

We have jurisdiction under 8 U.S.C. § 1252(a), and we grant the petition for review and remand for consideration of political developments that have occurred in Pakistan since the BIA's decision.

Qamar moves the court to take judicial notice of a January 7, 2015 news article titled "Sipah-e-Sahaba Militants Executed at the New Central Jail Multan." Generally, this court reviews out-of-record evidence only "where (1) the Board considers the evidence; or the Board abuses its discretion by failing to consider such evidence upon the motion of an applicant." *Fisher v. INS*, 79 F.3d 955, 964 (9th Cir. 1996). We may, however, take judicial notice of evidence of "dramatic foreign developments" that was "not available when the BIA made its decision." *Gafoor v. INS*, 231 F.3d 645, 656 (9th Cir. 2000).

In *Gafoor*, we took judicial notice of a military coup in Fiji that occurred after the BIA's decision. The coup placed the petitioner at a particular and heightened risk of racial violence, and we remanded for the agency to determine the impact of Fiji's changed political circumstances. We explained that because we

---

[1] The Immigration Judge denied Qamar's claims for asylum and withholding of removal, finding that Qamar's participation in the Sunni organization Sipah-e-Sahaba ("SSP") constituted "terrorist activity" and rendered him statutorily ineligible for either form of relief. *See* 8 U.S.C. §§ 1158(b)(2)(A)(v), 1182(a)(3)(B)(i)(I), 1231(b)(3)(B)(iv). Qamar has not appealed that finding, and it is not before us today.

"simply introduced into the record facts that were not available earlier," we did not "diminish agency control over the case" or "usurp the authority of the administrative agency." *Id*. Indeed, we remanded precisely because the agency was better equipped to conduct the necessary factual inquiry.

Here, Qamar submits a news article explaining that on January 7, 2015, two Sipah-e-Sahaba ("SSP") members were hanged after being charged and convicted of murder in 1998 and 2000. The article further describes that Pakistan — only days after the BIA rendered its decision in Qamar's case — lifted its complete moratorium on execution and has begun swiftly executing those suspected of sectarian violence and terrorism. Qamar argues that this article is evidence of a serious political development that places him, a former SSP member who was also accused of murder in 1998, in dire risk of torture and execution if removed to Pakistan.

Qamar's motion for judicial notice is granted. Like *Gafoor*, the changed political circumstances in Pakistan occurred after the BIA decision and are significant enough that we cannot "close our eyes" to them. *Gafoor*, 231 F.3d at 657. And our action is not without precedent, both in our circuit and our sister circuits. *See id*. at 656 (collecting cases). Accordingly, we remand for the BIA to reconsider Qamar's motion to reopen in light of our grant of judicial notice; in deciding whether to grant the motion to reopen, the BIA shall consider the attached

article and whatever additional evidence, if any, it deems appropriate.

Because we remand this matter to the BIA for further proceedings based on a dramatic change of political circumstances, we decline to rule on the merits of Qamar's petition.

Petitioner's motion for judicial notice, filed December 7, 2015 (Docket Entry No. 13), is **GRANTED**.

The petition is **GRANTED. REMANDED** with instructions.